UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **RAY GRIFFIN**<br>    D.O.C. #85249 | : | **CIVIL ACTION NO. 5:16-cv-1519**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE S. MAURICE HICKS, JR.** |
| **JERRY GOODWIN** | : | **MAGISTRATE JUDGE HAYES** |

**MEMORANDUM ORDER**

Before the court is the application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by petitioner Ray Griffin ("Griffin"). Griffin is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at David Wade Correctional Center ("DWCC") in Homer, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.
Background**

Griffin pleaded guilty to armed robbery. Doc. 1, p. 1. On July 30, 2001, he was sentenced in the Twenty-Sixth Judicial District Court ("26th JDC") in Bossier Parish to 40 years imprisonment. *Id*. He claims that his appeal to the Second Circuit Court of Appeal, wherein he argued excessive sentence, was denied. *Id*. at 2. Griffin states that the appeal was docketed as 04-KH-39511. *Id*. He alleges that he did not seek further review by a higher state court. *Id*. However, the published jurisprudence shows that the Louisiana Supreme Court denied writs on November 29, 2005. *See State ex rel. Griffin v. State*, 2004-KH-3209, 916 So.2d 155 (La. 2005);

Parish of Bossier, 26th JDC Div. D, No. 100,330; to the Court of Appeal, Second Circuit, No. 39511-KH.

Griffin states that his next filing was a writ of *habeas corpus* filed in the Louisiana Supreme Court on June 29, 2016. Doc. 1, p. 3. Therein, he claims that he argued that the state lacked standing and subject matter jurisdiction. *Id*. Published jurisprudence shows that the Louisiana Supreme Court ruled on Griffin's writ application on November 7, 2016, stating "WRIT NOT CONSIDERED. Petitioner has not demonstrated that he sought review in the court(s) below before filing in this Court nor shown the 'extraordinary circumstances' that would justify bypassing that level of review. La. S. Ct. Rule X § 5(b)." *State ex rel. Griffin v. State*, 2016-KH-1230, 2016 WL 6777423 (La. 2016); Parish of Bossier, 26th JDC Div. F, No. 55,362.

Griffin signed the instant writ of *habeas corpus* on October 26, 2016, and same was received and filed with this court on October 28, 2016. Doc. 1, p. 14. Herein, he asserts that the State of Louisiana lacked subject matter jurisdiction and standing, apparently based on his claim of newly discovered evidence. *Id*. at 5. As relief, he seeks release from custody, and to have his underlying conviction dismissed, quashed, set-aside, and expunged. *Id*. at 14.

## II.
## Amend Order

Before reaching the merits of a *habeas* claim, a preliminary review of the pleadings and exhibits is conducted in order to determine whether the petitioner has exhausted all available state remedies prior to filing his petition in federal court; whether the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1); and, whether any of the claims raised are subject to the procedural default doctrine.

A. **Exhaustion**

An application for a writ of *habeas corpus* "shall not be granted unless … the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion doctrine requires a petitioner to present all federal claims to the state court before requesting federal *habeas* relief. *Whitehead v. Johnson*, 17 F.3d 384, 387 (5th Cir. 1998). State prisoners must afford "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The federal claims should be presented to state courts "in a procedurally proper manner according to the rules of the state courts." *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

### B. Procedural Default

The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow or has been defaulted by a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

> [I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.* at 750-751.

### C. Limitations Period

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1)(A). This limitation period generally runs from the date that the conviction becomes final. *See id.* The time during which a properly filed application for post-conviction

relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, the time between the date that the conviction becomes final and the proper filing of an application for post-conviction relief in state court is counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998). Thus, in order to determine whether a *habeas* petition is time-barred under the provisions of section 2244(d), the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review; (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in state court; and (3) the date upon which the petitioner filed his federal *habeas corpus* petition.

Based on the pleadings and exhibits filed by Griffin, the court cannot determine whether the petition should survive initial review.

Therefore,

Griffin is **ORDERED** to amend his petition within forty (40) days of this order and provide the followings:

1. A **DATED** copy of his appeal to the Second Circuit on direct appeal review; in the event that Griffin is unable to provide a **DATED** copy of the appeal, he should provide such other proof as is available to establish the date of filing;

2. A **DATED** copy of the writ of *certiorari* filed in the Louisiana Supreme Court on direct review; in the event that he is unable to provide a **DATED** copy of the writ application, he should provide such other proof as is available to establish the date of filing;

3. A **DATED** copy of the writ of *certiorari* denial filed by the Louisiana Supreme Court on direct review;

4. A **DATED** copy of the application for post-conviction relief, if any, filed in the Twenty-Sixth Judicial District Court; in the event that he is unable to provide a **DATED** copy of the application, he should provide such other proof as is available to establish the date of filing;

5. A **DATED** copy of ALL post-conviction relief denials, if any, by the Twenty-Sixth Judicial District Court;

6. A **DATED** copy of ALL applications, if any, to the Second Circuit on post-conviction review; in the event that he is unable to provide a **DATED** copy of the applications, he should provide such other proof as is available to establish the date of filing;

7. A **DATED** copy of ALL of the Second Circuit's rulings, if any, regarding his applications for post-conviction relief;

8. A **DATED** copy of the writ of *certiorari*, if any, filed in the Louisiana Supreme Court on post-conviction; in the event that he is unable to provide a **DATED** copy of the writ application, he should provide such other proof as is available to establish the date of filing;

9. A **DATED** copy of the writ of *habeas corpus* filed in the Louisiana Supreme Court on or about June 29, 2016; in the event that he is unable to provide a **DATED** copy of the writ application, he should provide such other proof as is available to establish the date of filing;

10. A **DATED** copy of ALL documentation filed in the Twenty-Sixth Judicial District Court or the Second Circuit directly related to the writ of *habeas corpus* filed in the Louisiana Supreme Court on or about June 29, 2016; in the event that he is unable to provide a **DATED** copy of the documents, he should provide such other proof as is available to establish the date(s) of filing;

11. Any documentation related to a writ application filed in the Twenty-Sixth Judicial District Court docketed as No. 55,362.

12. Any other documentation that he claims establishes that the instant *habeas corpus* petition should survive initial review.

13. A **DATED** copy of the writ of *certiorari* filed in the Louisiana Supreme Court on direct review; in the event that he is unable to provide a **DATED** copy of the writ application, he should provide such other proof as is available to establish the date of filing;

14. A **DATED** copy of his application to the Third Circuit on post-conviction review; in the event that he is unable to provide a **DATED** copy of the application, he should provide such other proof as is available to establish the date of filing;

15. A **DATED** copy of the writ of *certiorari* filed in the Louisiana Supreme Court on post-conviction; in the event that he is unable to provide a **DATED** copy of the writ

     application, he should provide such other proof as is available to establish the date of filing; and

16. Complete details on the "newly discovered evidence" on which he basis his claims herein, including but not limited to: what the evidence is; when he discovered the evidence; and when the evidence could have become known through the exercise of due diligence.

**IT IS FURTHER ORDERED** that with respect to **ANY** claims which were denied on the basis of a procedural default, Griffin should submit a response demonstrating that federal *habeas* review of any such claims is not barred by the procedural default doctrine, e.g. facts demonstrating cause and prejudice, a miscarriage of justice, or a specific showing that the procedural bar applied in this case is not strictly or regularly applied by the state court or was misapplied in his case.

Griffin may attach any and all documentation which he chooses to his response.

THUS DONE this 28th day of February, 2017.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**