UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| RAY GRIFFIN<br>    D.O.C. #85249 | : | CIVIL ACTION NO. 5:16-cv-1519<br>SECTION P |
| VERSUS | : | JUDGE HICKS. |
| JERRY GOODWIN | : | MAGISTRATE JUDGE HAYES |

**REPORT AND RECOMMENDATION**

Before the court is the application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by petitioner Ray Griffin ("Griffin"). Griffin is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at David Wade Correctional Center ("DWCC") in Homer, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims based on the petitioner's failure to prosecute or to comply with a court order. The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R. Co.*, 82 S. Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 1388.

In this case, Griffin was directed to amend his complaint with response due by April 10, 2017. Doc. 5. The document was mailed to him at the last address that he supplied, namely DWCC. To-date, Griffin has not complied with the amend order nor has he had any further correspondence with this court.

Therefore,

**IT IS RECOMMENDED** that Griffin's application for writ of *habeas corpus* be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of Federal Rule of Civil Procedure 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), bars an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 15th day of June, 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE